UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sharon Mitchell, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| The City of Plano, Officer Iversen, Officer Root, Jonathan Whowell, Kendall County, Eric Weiss, Ryan Phelps, Officer Barks, Unknown Individuals to be Named Through Discovery, | ) Case No. 24-cv-05226 ) ) Judge Sharon Johnson Coleman ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff, Sharon Mitchell, filed a First Amended Complaint against Defendants the City of Plano, Officer Iversen, Officer Root, Jonathan Whowell, and Officer Barks (the "City of Plano Defendants"), Kendall County, Eric Weiss, Ryan Phelps, ("Kendall County Defendants") and Unknown Individuals to be Named Through Discovery[1] for federal and state law claims stemming from Plaintiff's August 10, 2018 arrest and ensuing criminal proceedings.

Before the Court is Kendall County Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and City of Plano Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (together, the "Motions"). The Court heard oral arguments on the Motions on April 16, 2025. While the Court commends Plaintiff for her candor, this is not enough to sustain this action. For the reasons set forth below, Kendall

---

[1] As Plaintiff has failed to state a claim, the claims against Unknown Individuals to be Named Through Discovery must be dismissed as well.

1

County Defendants' motion to dismiss is granted [23] with prejudice and the City of Plano Defendants' motion to dismiss is granted [28] with prejudice.

**BACKGROUND**

Plaintiff's claims in her Amended Complaint revolve around a Stalking No Contact Order Ms. Huston filed and later obtained against Plaintiff. Plaintiff alleges that the Stalking No Contact Order was valid for two years and expired on January 18, 2018. Plaintiff contends that, following the expiration of the Stalking No Contact Order, Trish Hutson ("Hutson") attempted to obtain another order on January 22, 2018, but her request was denied. Plaintiff alleges that, despite knowing that there was no longer an active Stalking No Contact Order, Hutson contacted Defendants on August 10, 2018 and informed them that Plaintiff was violating the Stalking No Contact Order. Plaintiff was thereafter arrested and subject to criminal proceedings. Plaintiff contends that Defendants were aware that there was no valid Stalking No Contact Order in place and therefore, she was suffered violations of state and federal law.

While the Court normally must only consider the pleadings when ruling on a motion to dismiss, there is an exception to this rule that allows a court to consider "those matters of which the court may take judicial notice." *See LeClerq v. Lockformer Co.,* No. 00-cv-7164, 2002 WL 31269491, at *2 (N.D. Ill. Oct. 9, 2022) (Leinenweber, J.) The Seventh Circuit has found that public records are within the exception. *Gen Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). District courts have taken judicial notice of court records under this public record exception. *See LeClerq,* 2002 WL 31269491, at *2. City of Plano Defendants attach all records from the Kendall County Circuit Clerk's Office relevant to case number 15-OP-241, where Hutson obtained a Stalking No Contact Order against Plaintiff – the validity of which forms the basis of the Amended Complaint, as well as all court records from Mitchell's criminal case, case number 18-cf-251, which occurred based on Plaintiff's alleged violation of the Stalking No Contact Order. As these documents are central to

Plaintiff's claims and are considered judicial documents, the Court elects to take judicial notice of these documents in resolving the Motions.

Although the Court must accept the facts as true for the purpose of resolving a motion to dismiss, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), the circuit court records tell another story. Based on the judicially noticed documents, Huston was granted a Stalking No Contact Order against Plaintiff on January 7, 2016. The Stalking No Contact Order was valid for two years, with January 7, 2018 as the expiration date. Huston petitioned the court on January 22, 2018, requesting that the court reinstate the Stalking No Contact Order. The court reinstated the Stalking No Contact Order on January 26, 2018. The court's order indicated that the Stalking No Contact Order would be valid throughout the duration of four separate legal proceedings. On February 17, 2023, Plaintiff's counsel filed a motion to vacate the Stalking No Contact Order, arguing that the court improperly extended the Stalking No Contact Order after the order had already expired. On April 6, 2023, the court granted Plaintiff's motion to vacate, finding that the order was improperly extended, and that the Stalking No Contact Order was void following the date of expiration.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

    **I.**     **Kendall County Defendants' Motion to Dismiss**

        *1. Plaintiff Agrees that She Fails to State a Claim Against Defendant Kendall County*

Plaintiff asserts the following claims against Defendant Kendall County: Count I (Malicious Prosecution in Violation of 42 U.S.C. § 1983[2]), Count III (Intentional Infliction of Emotional Distress), Count V (Respondeat Superior), Count VII (Indemnification), Count IV (Obstruction of Justice), Count XII (False Arrest and Imprisonment), and Count XIII (Deprivation of Due Process "under U.S.C. 1983").

Plaintiff agrees that she fails to state a claim against Defendant Kendall County and requests that the Court compel the remaining Defendants to divulge the proper employer of Defendant Weis and Phelps. However, Kendall County Defendants' motion does not identify the State of Illinois as Defendants Weis and Phelps' employer. Substitution of the State of Illinois as a defendant is unnecessary as Defendants Weis and Phelps, prosecutors employed by the State of Illinois, are entitled to absolute prosecutorial immunity, further discussed below. Defendant Kendall County is therefore dismissed from the action.

        *2. Defendants Weis and Phelps Are Entitled to Absolute Prosecutorial Immunity*

Plaintiff asserts the following claims against Defendants Weis and Phelps: Count I (Malicious Prosecution in Violation of 42 U.S.C. § 1983), Count III (Intentional Infliction of Emotional Distress),

---

[2] While Plaintiff asserts the claim against the Kendall County Defendants, her supporting facts include allegations against Defendant Officers Root, Iversen, and Barks as well as non-parties City of Park Ridge and "Defendant Frank Kaminski." The claims against the Defendant Officers are dismissed for the same reasons the Illinois malicious prosecution claims are dismissed and the claims against non-parties City of Park Ridge and "Defendant Frank Kaminski" are dismissed as Plaintiff has not sued these entities in this matter.

Count X (False Light Invasion of Privacy), Count XII (False Arrest and Imprisonment), and Count XIII (Deprivation of Due Process "under U.S.C. 1983").

Kendall County Defendants' motion contends that all claims asserted against Defendants Phelps and Weis should be dismissed because Defendants Phelps and Weis are entitled to absolute prosecutorial immunity for their actions in the underlying lawsuit as they were acting under color of law and within the scope of their employment. Plaintiff contends that Defendants Weis and Phelps' actions went beyond their prosecutorial duties, "to include investigation," and that such actions amount to non-prosecutorial work and, therefore, and not covered by absolute prosecutorial immunity.

It well-established that prosecutors have absolute immunity for their prosecutorial actions. *See Hartman v. Moore,* 547 U.S. 250, 261-62, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006). These prosecutorial actions concern the exercise of duties inextricably tied to the judicial phase of the criminal process, such as determining whether charges should be brought and initiating a prosecution. *Lewis v. Mills,* 677 F.3d 324, 330 (7th Cir. 2012) (internal citations omitted). The absolute prosecutorial immunity ends, however, "[w]hen the functions of the prosecutors and detectives are the same…," such as performing "acts of investigation or administration." *Lewis,* 667 F.3d at 330 (internal citations omitted).

Plaintiff fails to allege that Defendants Weis and Phelps' actions amount to "acts of investigation." While Plaintiff argued at the hearing that Defendants Weis and Phelps went beyond their prosecutorial duties in assisting Hutson in seeking the Stalking No Contest Order, the Court noted during oral arguments that such efforts are within their prescribed duties. Accordingly, these actions are entitled to absolute prosecutorial immunity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (stating that prosecutors are entitled to absolute prosecutorial immunity for the initiation and pursuit of a criminal prosecution) (internal citations omitted).

5

Defendant Phelps obtaining a "no bond arrest warrant" against Plaintiff was the only action that took place prior to Plaintiff's arrest and prosecution. The Supreme Court has ruled that prosecutors are entitled to absolute immunity for the filing of information and motion for an arrest warrant. *See Kalina v. Fletcher,* 522 U.S. 118, 120, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Plaintiff's Amended Complaint simply states Defendant Phelps "issued a no bond arrest warrant." However, a prosecutor cannot issue a no bond arrest warrant, only a judge can do so. Defendant Phelps *obtaining* a no bond arrest warrant or even accompanying an individual to court to obtain a no bond arrest warrant, as Plaintiff alleges Defendant Phelps took in this matter, such action is covered by absolute prosecutorial immunity. As Defendants Weis and Phelps are subject to absolute prosecutorial immunity, Kendall County Defendants' motion to dismiss is granted as to all claims asserted against Defendants Weis and Phelps. Accordingly, the Court grants Kendall County Defendants' motion to dismiss.

II. **City of Plano Defendants' Motion to Dismiss**

Plaintiff asserts the following claims against the City of Plano Defendants: Count II: Malicious Prosecution under Illinois Law; Count III: Intentional Infliction of Emotional Distress; Count IV: Respondeat Superior (against Defendant City of Plano only); Count VI: Indemnification (against Defendant City of Plano only); Count VII: Obstruction of Justice (against Defendant City of Plano only); Count X: False Light Invasion of Privacy (against Defendant Officers Iversen and Root only); Count XI: Defamation; Count XII: False Arrest and Imprisonment; and Count XIII: Deprivation of Due Process "under U.S.C. § 1983."

   1. *Count II: Malicious Prosecution Under Illinois Law*

City of Plano Defendants argue that because the Stalking No Contact Order was in effect on August 10, 2018, the date of Plaintiff's arrest, her malicious prosecution claim fails. Plaintiff contends that there was no probable cause to arrest Plaintiff because the Stalking No Contact Order expired on January 18, 2018.

6

Under Illinois law, in asserting a claim for malicious prosecution, plaintiff must allege that: "(1) defendants commenced judicial proceedings; (2) for which there was no probable cause; (3) the proceedings were instituted or continued maliciously; (4) the proceedings were terminated in the plaintiff's favor, and (5) the plaintiff sustained an injury." *See Stubbs v. City of Chicago,* 616 F.Supp.3d 793, 802 (N.D. Ill. July 25, 2022) (Valderrama, J.) The parties dispute whether City of Plano Defendants had probable cause to arrest Plaintiff. Probable cause exists where there are facts and circumstances that are sufficient to warrant a prudent person to believe that the suspect has committed the crime. *Holland v. City of Chicago,* 643 F.3d 248, 254. To make a probable cause determination, the Court must "step[] into the shoes of a reasonable person in the position of the officer." *Holland,* 643 F.3d at 254. The relevant time in making a probable cause determination is when the charging document is filed, rather than the time of the arrest. *Id.* at 254.

To start, the Stalking No Contact Order *was* in place at the time of Plaintiff's arrest on August 10, 2018 and throughout the duration of the criminal prosecution. The fact that the circuit court vacated the Stalking No Contact Order in April 2023, finding that it was improperly extended in January 2018, does not alter the fact that the Stalking No Contact Order was *in effect* on August 10, 2018, and continued through the criminal proceedings. Because her violation of the Stalking No Contact Order led to her arrest on August 10, 2018, the City of Plano Defendants had probable cause to arrest Plaintiff and the Court grants City of Plano Defendants' motion to dismiss Count I.

 2. *Count III: Intentional Infliction of Emotional Distress ("IIED")*

As Plaintiff agrees that her IIED claim is barred by the statute of limitations, the Court grants City of Plano Defendants' motion to dismiss Count III.

 3. *Count IV: Respondeat Superior (Defendant City of Plano)*

City of Plano Defendants argue that Plaintiff's respondeat superior claim fails as it is not a recognized cause of action. Plaintiff contends that Illinois law recognizes respondeat superior as a

7

cause of action. City of Plano Defendants are correct. Illinois law does not recognize respondeat superior *by itself* as an independent cause of action. *See Osundario v. Geragos,* 447 F.Supp.3d 727, 743 (N.D. Ill. March 17, 2020) (Rowland, J.) Therefore, the Court grants City of Plano Defendants' motion to dismiss Count IV.

4. *Count VIII: Obstruction of Justice (Defendant City of Plano)*

Likewise, City of Plano Defendants also argue that Plaintiff's obstruction of justice claim must fail because there is no civil cause of action for obstruction of justice. Plaintiff's opposition did not address this argument. There is no civil cause of action for obstruction of justice under Illinois law. *McCurry v. Kenco Logistics Services, LLC,* 942 F.3d 783, 791 n.6 (7th Cir. 2019). Indeed, Plaintiff should be aware of this as her attempt to assert the same cause of action in a prior lawsuit failed on the same grounds. *See Mitchell v. Plano Police Dep't,* No. 16-cv-07227, 2017 WL 4340118, at *9 (N.D. Ill. Sept. 29, 2017) (Chang, J.) ("There is no stand-along civil action for obstruction of justice in Illinois – which [Plaintiff] should know from her previous case before this Court.") The Court, therefore, grants City of Plano Defendants' motion to dismiss Count VIII.

5. *Count X: False Light Invasion of Privacy (Defendant Officers Iverson and Root)*

Defendant Officers Iverson and Root contend that Plaintiff fails to assert a false light invasion of privacy claim as Plaintiff has not identified a false statement, as required to assert the claim.[3] Plaintiff alleges that the false statement was issued by Defendant Officers Iverson and Root in a July 11, 2018 report where the officers "responded Hutsons' [sic] home alleging they measured this 'protected' area which was to be the subject of the non-existent contact/stalking order violation previously reported by Hutson on July 6th." Plaintiff alleges that the false statement caused the arrest warrant to be issued and subsequent publication of her arrest. Put simply, the Amended Complaint

---

[3] For the sake of judicial efficiency, the Court will only address the false statement argument as it is dispositive of the claim.

suggests Plaintiff takes issue with the statement in the July 11th report that her arrest was in violation of a Stalking No Contact Order.

To assert a claim for false light invasion of privacy, a plaintiff must show "(1) defendant's actions placed the plaintiff in a false light before the public, (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice, that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false." *See Sandefur v. Village of Hanover Park, Ill.,* 862 F.Supp.2d 840, 852 (N.D. Ill. May 25, 2012) (Holderman, J.)

Missing from Plaintiff's Amended Complaint are factual allegations that any statement Defendant Officers Iverson and Root made was false. "Absent some allegation as to what specific statement was false, a claim based on *false* light simply fails to satisfy the most basic element of the cause of action." *See Mitchell,* 2017 WL 4340118, at *9. At the risk of sounding repetitive, the Court, again, notes that the Stalking No Contact order was in place at the time of Plaintiff's arrest, so any statement that Plaintiff's arrest was in violation of the Stalking No Contact Order was true. Accordingly, the Court grants City of Plano Defendants' motion to dismiss count X.

6. *Count XI: Defamation*

City of Plano Defendants argue that Plaintiff's defamation claim fails for the same reasons as Plaintiff's false light invasion of privacy claim: Plaintiff fails to show that any statement released regarding Plaintiff's arrest was false. Again, Plaintiff contends that the false statement was that Plaintiff was in violation of the Stalking No Contact Order when arrested. As explained above, the Stalking No Contact Order was in place at the time of Plaintiff's arrest. Accordingly, the Court grants City of Plano Defendants' motion to dismiss Count XI.

7. *Count XII: False Arrest and Imprisonment*

9

Like her IIED claim, Plaintiff agrees that her false arrest and imprisonment claim is barred by the statute of limitations. Accordingly, the Court grants City of Plano Defendants' motion to dismiss Count XII.

### 8. Count XIII: Deprivation of Due Process "Under U.S.C. § 1983"

City of Plano Defendants argue that Plaintiff fails to state a deprivation of due process claim because Defendant Officers Iverson and Root engaged in constitutionally protected behavior by arresting Plaintiff pursuant to a warrant for violating the Stalking No Contact Order and Plaintiff fails to allege any facts under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) to state a claim against Defendant City of Plano. Plaintiff's response merely states that she "has pleaded each cause of action." The Court disagrees.

The Fourth Amendment, not the due process clause, is the appropriate basis for challenging the lawfulness of an arrest. *Alexander v. McKinney,* 692 F.3d 553, 558 (7th Cir. 2012). Plaintiff should be aware that the Fourth Amendment is the proper basis on which to challenge an arrest, based on the rulings in her prior lawsuit asserting the same incorrect cause of action. *See Mitchell,* 2017 WL 4340118, at *10. Plaintiff likewise fails to offer facts to trigger *Monell* liability against City of Plano Defendant. There is no custom, policy, or practice at issue: only the Stalking No Contact Order, which was valid at the time of Plaintiff's arrest. Accordingly, the Court grants City of Plano Defendants' motion to dismiss Count XIII.

### 9. Count VI: Indemnification (Defendant City of Plano)

As all of Plaintiff's claims are dismissed, the Court likewise dismisses Count VI.

**CONCLUSION**

For these reasons, the Court grants Kendall County Defendants' (Defendant Kendall County, Eric Weiss, and Ryan Phelps) motion to dismiss with prejudice [23] and the City of Plano Defendants' (Defendant City of Plano, Officer Iversen, Officer Root, Jonathan Whowell, and Officer Barks) motion to dismiss with prejudice [28]. Civil case terminated as to all Defendants.

**IT IS SO ORDERED.**

Date: 5/12/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge